UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CURTIS C. MARTIN, | CASE NO. 1:08 CV 2023 |
| Plaintiff, | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| | MEMORANDUM OF OPINION |
| ROXANNE WALLACE, et al., | AND ORDER |
| Defendants. | |

Pro se plaintiff Curtis C. Martin filed this action under 42 U.S.C. § 1983 against Community Assessment Outpatient Services Counselors Roxanne Wallace, Daniel Cratchy, and Tim Tress, and Outpatient Coordinator Vickie Woods. In the Complaint, Mr. Martin alleges that the defendants violated the "Right to Privacy Act" when they forwarded information about his participation in a drug treatment program to the Cuyahoga County Common Pleas Court. (Compl. at 4.) He seeks unspecified monetary damages.

**Background**

Mr. Martin was indicted in the Cuyahoga County Common Pleas Court on charges of receiving stolen property and misuse of credit cards on December 14, 2005, Case No. CR05-474-768-A. He initially entered a plea of "not guilty" to the charges; however, in February 2006 he agreed to change his plea to "guilty" in exchange for dismissal of some of the counts in the Indictment. Sentencing was set for a later date.

Shortly thereafter, Mr. Martin entered a drug and alcohol treatment program through the Community Assessment Outpatient Services, a nonprofit treatment facility.[1] He indicates that he attended the program for a little over two weeks before deciding he "wasn't getting anywhere by taking the program and that it was a waste of money." (Compl. at 3.) He ceased attending the treatment sessions and terminated his participation.

One month later, Mr. Martin appeared before Cuyahoga County Common Pleas Court Judge Peter Corrigan for sentencing. Mr. Martin was placed on probation for one year during which he was required to attend a drug and alcohol addiction program and participate in regularly scheduled drug testing. He contends that he complied with the testing requirements. He does not state whether he resumed participation in a drug and alcohol treatment program, either through Community Assessment Outpatient Services or some other agency.

Mr. Martin alleges that "[s]ometime between March and June, 2006, Daniel Cratchy and Vickie Woods transferred all of my medical records from [Community Assessment Outpatient Services] to Mr. Links at the Cuyahoga County Probation Office." (Compl. at 4.) He claims that he did not give them permission to provide this information, which he characterizes as "test results," and states that he was told that any information concerning treatment would be confidential. (Compl. at 4.) He claims Mr. Links used the information to charge him with violating the terms of his probation and "help[ed] the court sentence [him] to prison in which [he] is presently incarcerated for." (Compl. at 5.) He claims the defendants violated his "Right to Privacy Act" and seeks unspecified monetary damages.

---

[1] Additional Information about Community Assessment and Treatment programs cane be found at: http://www.communityassessment.org

2

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, the Complaint does not state clearly the claim Mr. Martin wishes to assert. There is a right to privacy guaranteed by the United States Constitution. There is also a Privacy Act, 5 U.S.C. § 552a, which governs the dissemination of information by federal agencies. Because Mr. Martin did not adequately indicate under which of these legal theories he wished to proceed, the court will consider both of the claims.

Right to Privacy

The constitutional right to privacy is rooted in the Fourteenth Amendment. Whalen v. Roe, 429 U.S. 589 (1977). It encompasses an individual's right to make certain personal choices, see Roe v. Wade, 410 U.S. 113 (1973), and it protects an individual's right to control the nature and

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

extent of release of personal information that implicates a fundamental liberty interest. See Whalen, 429 U.S. at 599-600; Kallstrom v. City of Columbus, 136 F.3d 1055 (6th Cir.1998). The constitution, however, does not directly provide for damages. To bring a cause of action for violation of a constitutional right, Mr. Martin must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of his claims, the court construes them as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted "under color of state law," the person must be a state or local government official or employee. The individual defendants are not government officials. They are employees of Community Assessment Outpatient Services which is a non-profit private entity. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. Dennis v. Sparks, 449 U.S. 24, 28 (1980). There are no allegations in the complaint reasonably suggesting that the defendants

acted under color of state law. Mr. Martin has therefore failed to assert a claim for relief under 42 U.S.C. § 1983.

Moreover, even if the defendants could be deemed to be state actors, Mr. Martin's claim under 42 U.S.C. § 1983 would be untimely. Ohio's two-year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). Mr. Martin alleges that the medical records were turned over to the probation department "sometime between March and June 2006." (Compl. at 4.) This action was filed on August 21, 2008, beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two-year statute of limitations for bringing such an action had expired).

## Privacy Act

Finally, Mr. Martin fails to state a claim for relief under the Privacy Act. The Privacy Act, 5 U.S.C. § 552a, specifically limits its relief for damages to civil actions against a federal agency. Windsor v. The Tennessean, 719 F.2d 155, 160 (6th Cir. 1984). The individual defendants are not federal agencies and consequently are not subject to suit under this statute.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.[3]

        IT IS SO ORDERED.

                          /S/ SOLOMON OLIVER, JR.
                          UNITED STATES DISTRICT JUDGE

November 21, 2008

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.